## SWEENY v. UNION RY. CO. OF NEW YORK.

(City Court of New York, General Term. March 2, 1900.)

1. APPEAL—VERDICT—CONFLICTING EVIDENCE—TRIAL.

 The verdict of a jury on conflicting evidence will not be disturbed on appeal.

2. INJURY TO PASSENGER—SUBMISSION TO JURY.

 Where plaintiff alone testified in her own behalf as to the circumstances of the accident in which she received injuries in boarding defendant's car, and her statements were contradicted by defendant's witnesses, the case was properly submitted to the jury.

Appeal from trial term.

Action by Fanny C. Sweeny against the Union Railway Company of New York. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before FITZSIMONS, C. J., and CONLAN, J.

John R. Halsey, for appellant.

Eugene H. Pomeroy, for respondent.

CONLAN, J. This is an appeal from a judgment entered upon a verdict and from an order denying a motion for a new trial. It is conceded that the plaintiff attempted to board an open car of the defendant, and in so doing had a fall, and received injuries; but it is disputed that such accident was occasioned by the defendant's negligence. The car was stationary, and it is the plaintiff's contention that the bell rope interfered with her ingress to such an extent as to cause her to slip and fall backward and off the car, and that the injury was in consequence thereof. There is much in the evidence that we need not consider, in view of the limit fixed by the jury to the amount of damages recoverable. The only evidence offered by the plaintiff, in addition to her own, was that of physicians who attended her after the accident. She alone testified in her own behalf as to the circumstances of the accident. Her narrative of how the accident occurred is not in accord with the statements in that behalf of any of the witnesses produced by the defendant. This might well be the case, and yet the story of the plaintiff might be the true one. Happily for us, it is not our province to determine which side was telling the truth and which not. The jury was fully advised by the court of the correct rule to be applied by them to the questions in dispute; and so satisfactory was the charge of the learned trial justice to both sides of the controversy that we find—what is, perhaps, unusual in cases of this character—an entire absence of objection and exception, and no requests for a charge in any other particular than as given by the court. We are to assume, therefore, that the weight given to the evidence of the plaintiff, unsupported as it is, regarding the circumstances which led up to the accident, preponderated above the evidence of the defendant, and that, being so, they had the undoubted right to find in her favor upon the issues which were before them for their exclusive consideration. Courts on appeal will not interfere with the findings of a jury when reached without prejudice or any of the

other elements for which verdicts are set aside or interfered with. This case appears to be unusually free from every element of that character.

We think the trial court properly determined the questions at the close of the plaintiff's case and of all the testimony, and that the controversy was one eminently entitled to be submitted to the jury. We are unable to find any error committed upon the trial which calls for a reversal of the judgment and order appealed from. The same must, therefore, be affirmed, with costs. FITZSIMONS, C. J., concurs.